**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CAROL HATTON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-00352-TWP-DML |
| RIDE RIGHT, LLC., | ) ) | |
| Defendant. | ) | |

## ENTRY DENYING CLERK'S DEFAULT

This case was initiated on February 27, 2015. Defendant Ride Right's registered agent, CT Corporation System, was served with copies of the Complaint and Summons on March 9, 2015 by certified U.S. Mail. However, return of service was not docketed until July 27, 2015 (Filing No. 8), following this Court's issuance of an order to show cause why the Complaint should not be dismissed with prejudice for failure to serve Defendant within 120 days of filing the law suit. (Filing No. 7). On July 27, 2015, Plaintiff also filed a Verified Motion for Clerk's Entry of Default (Filing No. 9) pursuant to Federal Rule of Civil Procedure 55(a), alleging that the Defendants had failed to appear, plead or otherwise defend as required by the Federal Rules of Civil Procedure. Thereafter, on August 14, 2015, Bride Right's retained counsel filed an Answer to Plaintiff's Complaint for Damages (Filing No. 13), and a Motion for Leave to File Response in Opposition to Plaintiff's Motion for Clerk's Entry of Default (Filing No. 15). On August 31, 2015 Plaintiff filed a Reply In Support of Motion for Clerk's Entry of Default. (Filing No. 18).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a), Fed. R. Civ. P. refers to entry of

default by the clerk, it is well established that a default also may be entered by the court." *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc*., 687 F.2d 182, 185 (7th Cir.1982). "[B]ecause the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, 2013 WL 3353946, *1 (S.D. Ind. July 3, 2013).

To obtain relief from default under Rule 55(c), Ride Right must show: "1) good cause for default, 2) prompt action to correct it, and 3) a meritorious defense to the plaintiff's complaint." *O'Brien v. R.J. O'Brien & Assoc., Inc*., 998 F.2d 1394, 1401 (7th Cir.1993). Federal procedural law does not favor default judgments, noting that "courts must balance the need for efficient administration of justice with the preference for deciding cases on their merits and giving a party its day in court." *McGrath v. Everest National Ins. Co*., 668 F.Supp.2d 1085 (N.D.Ind. 2009), citing, *Flying J., Inc., v. Jeter*, 720 N.E.2d 1247, 1249 (Ind.App. 1999).

The Defendants have filed a response to the motion for default which explains that there was a mistake in Ride Right's mail processing which resulted in its failure to submit a timely response to Plaintiff's Complaint, and when put on notice of its error, Ride Right took prompt action to remediate the processing error. In her reply, Plaintiff asserts that she would be prejudiced if Defendants were able to assert a statute of limitations affirmative defense, therefore, if the Court chooses to allow this case to move forward on the merits, Plaintiff ask the court to toll the statute of limitations to avoid prejudice to putative class members. (Filing No. 18).

The Court finds good cause for default, prompt action to correct it and accepts Ride Right's assertion that it has a meritorious defense to Plaintiff's Complaint. Because counsel has appeared,

and an Answer was filed prior to the entry of Clerk's default, a Clerk's default at this stage of the

proceedings would be futile for purposes of Fed. R. Civ. P. 55(c). To alleviate potential prejudice

to Plaintiff, the Court will equitably toll the statute of limitations for Plaintiff and any putative

class member from April 1, 2015 to the date of this Entry. For these reasons, the Motion for Clerk's

Entry of Default (Filing No. 9) is **DENIED**.


        **SO ORDERED.**


Date:   9/1/2015

                         TANYA WALTON PRATT, JUDGE
                         United States District Court
                         Southern District of Indiana


DISTRIBUTION:


Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
rob.seidler@ogletreedeakins.com

Ronald E. Weldy
WELDY LAW
weldy@weldylaw.com